■ In the Matter of ALAN M. (ANONYMOUS), Appellant. In the Matter of RONALD B. (ANONYMOUS), Appellant.— Appeals from two orders of the Family Court, Queens County, one as to appellant Alan M. dated July 25, 1969 and the other as to appellant Ronald B. dated August 1, 1969, each discharging the respective appellant, after a determination adverse to him following a fact-finding hearing in a juvenile delinquency proceeding. Orders reversed, on the law and the facts, without costs, and proceedings dismissed (cf. CPL 470.20, subds. 2, 5). In our opinion the violations charged in the petitions were not established. Rabin, P. J., Hopkins and Shapiro, JJ., concur; Munder and Latham, JJ., dissent and vote to affirm the orders.

■ In the Matter of MAXIMO REST INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to article 78 of the CPLR to review respondent's determination dated November 19, 1971, which canceled petitioner's restaurant liquor license as of November 29, 1971. Determination modified, on the law, by annulling respondent's findings sustaining charges 1, 2 and 3 and by reducing the penalty to a suspension of the license for one month. As so modified, determination confirmed, without costs. In our opinion, there was no substantial evidence in the record to sustain the findings (a) that petitioner permitted one not named in the license to avail himself of the license [charge 1], (b) that petitioner's principal lied at an Authority hearing as to the extent and cost of alterations to the licensed premises [charge 2] and (c) that petitioner's principal concealed facts as to the extent and cost of alterations to the licensed premises when applying for permission to make the alterations [charge 3]. We further believe that cancellation of the license was an abuse of discretion and too harsh a penalty for the remaining charges which were sustained, namely, the failure to produce records upon request by the Authority [charge 4] and the failure to keep adequate records on the licensed premises [charge 5]; and that a suspension of the license for one month would be an adequate penalty for those offenses. Munder, Acting P. J., Martuscello, Shapiro, Christ and Benjamin, JJ., concur.